THE STATE OF KANSAS, *ex rel. Bedford Wood, as a Citizen, etc.,* v. JOHN KINDSEDER.

No. 15,821.    (97 Pac. 1025.)

1. INDIRECT CONTEMPT—*Affidavit and Accusation—Verification.* In a proceeding for indirect contempt the affidavit and accusation were not defective because they were verified by a stranger to the injunction suit.

2. ——— *Evidence.* The admission in evidence in a contempt proceeding of matter of which the court would have taken judicial notice was not prejudicial.

Error from Sedgwick district court; THOMAS C. WILSON, judge. Opinion filed October 10, 1908. Affirmed.

*Fred S. Jackson,* attorney-general, and *W. A. Ayres,* county attorney, for The State.

*John W. Adams,* for appellant.

*Per Curiam:* A temporary injunction against the unlawful sale of liquor was obtained against John Kindseder in a suit brought in the name of the state on the relation of Bedford Wood. An affidavit of one D. J. Nafziger was then filed charging the defendant with a violation of the injunction. An attachment was issued and served, a formal accusation was filed, and the defendant was tried and found guilty of a contempt of court, from which conviction he appeals. The grounds of error alleged are: (1) That the affidavit and accusation were not sufficiently verified; (2) that they did not set out the facts relied upon by the state in sufficient detail; (3) that improper evidence was admitted; and (4) that the evidence did not justify a conviction.

The statute regulating the procedure in such cases in part reads:

"That upon the return of an officer on process or an affidavit duly filed showing any person guilty of indirect contempt, a writ of attachment or other lawful

process may issue, and such person be arrested and brought before the court or judge in chambers; and thereupon a written accusation setting forth succinctly and clearly the facts alleged to constitute such contempt shall be filed, and the accused required to answer the same." (Gen. Stat. 1901, § 1983.)

The objection urged against the verification is that it was made by a stranger to the proceeding. The statute, however, does not require that it be made by a party or attorney, and the objection is without force.

The allegations of the affidavit and accusation were somewhat general, but they were sufficient to have made a good information under the nuisance clause and other parts of the prohibitory law. The evidence objected to was chiefly matter of which the court would have taken notice without proof, and therefore it could not have been prejudicial. The showing by the state was ample to support the decision of the trial court. The judgment is therefore affirmed.